UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JUDITH R. RANDALL,

                            Plaintiff,                  3:06-CV–383
                                                                        (LEK/DEP)

      v.

BROOME COUNTY SOCIAL SERVICES;
BROOME COUNTY GOVERNMENT,

                            Defendants.
_____

APPEARANCES:

JUDITH R. RANDALL
Plaintiff, *pro se*

LAWRENCE E. KAHN, DISTRICT JUDGE

## DECISION and ORDER

**I.    Introduction**

Presently before this Court is an application to proceed *in forma pauperis* and a submission from pro se plaintiff Judith R. Randall, which has been filed as a complaint.[1] Randall has not paid any fee relating to this action. This is the fourth action filed by plaintiff in the Northern District against one or both of these entities. See Randall v. Broome County DSS, 3:99-CV-2251 (LEK/GS); Randall v. Broome County, 3:99-CV-0663 (TJM/GS); Randall v. Broome County Social Services, 3:93-CV-1539 (TJM/DH).

For the reasons stated below, plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and Rule 5.4(a) of the Local Rules of Practice of this District.

---

[1] Plaintiff has filed a civil cover sheet, with voluminous exhibits attached thereto, presumably in support of her claim. See Dkt. No. 1. Whether by inadvertence or design, plaintiff has not filed an actual complaint.

## II. Discussion.

Where a plaintiff seeks leave to proceed *in forma pauperis,* the Court must determine whether the plaintiff has demonstrated sufficient economic need to proceed without prepaying, in full, the $350.00 filing fee. The court must also consider whether the causes of action stated in the complaint are, *inter alia*, frivolous or malicious, or if they fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b)(1).

### A. Economic Need

In this case, plaintiff has demonstrated economic need. Accordingly, plaintiff properly commenced this action without prepayment of the filing fee.

### B. Sufficiency of the Complaint

Turning to the second inquiry, 28 U.S.C. § 1915(e), as amended, directs that the Court:

> (2) [S]hall dismiss the case at any time if the court determines that -
> ***
> (B) the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). Thus, there is a responsibility on the court to determine that a complaint may be properly maintained in the District before it may permit a plaintiff to proceed with an action *in forma pauperis*. Id.; see also 28 U.S.C. § 1915A(b)(1).

In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Although the court has the duty to show liberality towards *pro se*

litigants, Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, Anderson v. Coughlin, 700 F.2d 37, 41 (2d Cir. 1983), there is a responsibility on the court to determine that a claim is not frivolous before permitting a plaintiff to proceed with an action *in forma pauperis*. Dismissal of frivolous actions is appropriate to prevent abuses of the process of the court, Harkins v. Eldredge, 505 F.2d 802, 804 (8th Cir. 1974), as well as to discourage the waste of judicial resources. Neitzke, 490 U.S. at 327.

Plaintiff's submission to the Court is forty-five pages long and consists of an incomprehensible compilation of documents related only in the most general of terms to plaintiff's financial situation. Plaintiff has not set forth the facts upon which she relies in filing this action nor has she identified the legal basis upon which she seeks relief. The only statement of plaintiff's claim appears on a handwritten note attached to the first page of the submission, and reads as follows: "I respectfully ask the court to enforce and honor this ruling and the anti-assignment provision of the Social Security Act, as amended." Dkt. No. 1 at 1. While it is not entirely clear what ruling plaintiff is referring to, the note is attached to page 7 of a February 26, 1982 decision by Administrative Law Judge determining that plaintiff was eligible for supplemental security income commencing September 25, 1980. Id.[2] However, notwithstanding a careful and liberal reading of plaintiff's submission, there is no basis upon which the Court can determine

---

[2] According to other documents included in plaintiff's submission, it appears that she received SSI as recently as March 2006, when this action was filed. See id. at 6-8.

3

the nature or sufficiency of plaintiff's claims.

Plaintiff's complaint fails to state a claim upon which relief may be granted by this Court and is patently frivolous on its face. Accordingly, this action is dismissed. See 28 U.S.C. § 1915(e); Neitzke, 490 U.S. at 328.

**WHEREFORE**, it is hereby

**ORDERED**, that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and Rule 5.4(a) of the Local Rules of Practice of this District, and it is further

**ORDERED**, that plaintiff's *in forma pauperis* application is **GRANTED**[3], and it is further

**ORDERED**, that the Clerk serve a copy this Order on the plaintiff.

**IT IS SO ORDERED.**

DATED:   November 06, 2006
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

---

[3]Plaintiff should note that although the application to proceed *in forma pauperis* has been granted, plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.